**UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**WESTERN DISTRICT OF KENTUCKY**

| | |
|---|---|
| IN RE: ) | |
| ) | |
| BROOKS SAND AND GRAVEL, LLC ) | Case No. 06-30259 |
| ) | |
| Debtor(s) ) | |

**MEMORANDUM-OPINION**

This matter came before the Court for an evidentiary hearing on August 22, 2006 on the Motion of Falls City Towing Company, Inc. ("Falls City") for Determination as to Status of its Claim as a Maritime Lien. The Court considered the testimony of the witnesses, the submissions of the parties and the arguments of counsel. For the following reasons, the Court determines that Falls City's claim is unsecured.

**FACTS**

Falls City shipped sand for Brooks Sand & Gravel, LLC ("Brooks" or "Debtor") from Bethlehem, Indiana to Brooks' Louisville facility. Representatives of the Debtor and Falls City met shortly after Brooks purchased the sand operation from Bethlehem Sand. Falls City agreed to ship sand for Brooks under the same terms and conditions that Falls City had with Bethlehem historically. The parties to this proceeding did not have a written contract.

Essentially, Falls City would ship and unload the sand in Louisville, where Buddehke Company would weigh the sand. Later, Falls City would take the tonnage information provided by either Brooks or Buddehke and prepare an invoice charging Brooks a set price per ton delivered, plus a fuel adjustment for the amount of fuel estimated as used on the trip. The timing of delivery of the invoices to Brooks following the delivery is unclear but the testimony supported that the

invoices generally followed the delivery by at least a period of a week or two. The invoices were payable on receipt.

Around Thanksgiving of 2005, Brooks fell behind on its payments to Falls City. In January of 2006, a representative of Brooks, Hollis Smith, met with representatives of Falls City regarding unpaid invoices. At that time, Brooks owed Falls City $296,000 and Hollis Smith informed Falls City that he could not pay them until the sand was sold. Falls City did not object to the sand being sold.

Shortly after this meeting, Brooks paid $97,000 to Falls City and Falls City began towing sand for Brooks again. This was the last payment made by Brooks to Falls City. Nevertheless, Falls City continued to ship and unload sand at Brooks' facility for a time. During this time, Falls City never refused to ship sand, unload its barges, asked Brooks to stop selling the sand, conditioned the delivery of sand, requested the sand be held in such a way that it would not be co-mingled with the sand of any other tow operators or articulated its claim to a maritime lien upon the sand delivered at the Louisville facility. The evidence showed that no conditions were placed on Brooks for the delivery of sand after the $97,000 payment in the fall of 2005 and February 2, 2006, when Falls City stopped shipping sand for nonpayment. The testimony was clear that during this period at the least, Falls City understood that the sand had to be sold in order for them to receive payment. Falls City had no control over the sand once it was unloaded at Brooks' facility.

Under maritime law, a ship owner has a lien on freight until it is paid for its services. In re 4,885 Bags of Linseed, 66 U.S. 108 (1861). The maritime lien is associated with the possession of the goods and it is lost by unconditional delivery of the goods. Id. There is no question that Falls City had a lien on the cargo in transit and that Falls City delivered the sand without conditions.

Therefore, what lien Falls City did have, was lost upon the unconditional delivery of the cargo at Brooks' Louisville facility.

Even if Falls City considered that it had retained a lien on the sand, a fact not disclosed at the hearing, Brooks had made it clear to Falls City that the sand had to be sold in order for Falls City to be paid. Falls City did not object to this arrangement and never placed any conditions on the sand once it was delivered at Brooks' facility. Accordingly, Falls City's claim is unsecured.

## **CONCLUSION**

For all of the above reasons, the Court determines that the claim of Falls City Towing Company, Inc. is unsecured. An Order incorporating the Findings herein accompanies this Memorandum-Opinion.

**UNITED STATES BANKRUPTCY COURT**
**FOR THE**
**WESTERN DISTRICT OF KENTUCKY**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| BROOKS SAND AND GRAVEL, LLC | ) | Case No. 06-30259 |
| | ) | |
| Debtor(s) | ) | |

**ORDER**

Pursuant to the Memorandum-Opinion entered this date and incorporated herein by reference,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the claim of Falls City Towing Company, Inc. is unsecured.